UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

TIFFANY GOLD,

    Plaintiff,

vs.

STANLEY D. BRAVERMAN, M.D., P.A., and
STANLEY D. BRAVERMAN, individually, and
DEBBIE CAMPBELL, individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff Tiffany Gold ("Plaintiff"), by and through undersigned counsel, hereby sues Stanley D. Braverman, M.D., P.A., (the "Company"), Stanley D. Braverman ("Braverman") and Debbie Campbell ("Campbell") (jointly "Defendants"), and for its complaint alleges as follows:

### Introduction

1.    This is an action by Plaintiff against her former employers for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Plaintiff seeks damages, a reasonable attorneys' fee and costs, and all other relief permitted by law.

### Jurisdiction and Venue

2.    Plaintiff resides in Broward County, Florida, where she was employed by Defendants.

3.    The Company is a Florida corporation with its principal place of business in Broward County, Florida.

4. Braverman and Campbell conducted business in Broward County, Florida at all relevant times.

5. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

## Parties and General Allegations

6. The Company operates a LASIK and Laser Vision Correction center.

7. Upon information and belief, the Company's annual volume of sales or business exceeded $500,000 during the relevant period.

8. As part of its business, the Company purchases goods and materials that travel through interstate commerce. These goods and materials are used at the Company's medical office.

9. The Company obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce.

10. The Company, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

11. The Company is an employer engaged in interstate commerce and subject to the FLSA.

12. Plaintiff was hired by Defendants in or around February 2016 as an office clerk.

13. Defendants provided Plaintiff with the work tools needed to perform her duties.

14. Plaintiff ceased working for Defendants in or around February 2017.

15. During Plaintiff's employment with Defendants, she customarily worked over forty (40) hours in a workweek.

16. Despite regularly working overtime hours, Defendants, in violation of the Fair Labor Standards Act (FLSA), did not compensate Plaintiff for her overtime hours at the rate of time-and-a-half his regular rate of pay.

17. Plaintiff has retained undersigned counsel and agreed to pay a reasonable attorneys' fee for all services rendered.

## COUNT I

## OVERTIME VIOLATION BY THE COMPANY UNDER THE FAIR LABOR STANDARDS ACT

18. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 17 of her Complaint above as if fully set forth herein.

19. As part of its business, the Company purchases goods and materials that travel through interstate commerce. These goods and materials are used at the Company's medical office.

20. The Company obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce.

21. The Company, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

22. The Company is an employer engaged in interstate commerce and subject to the FLSA.

23. During Plaintiff's employment with Defendants, she customarily worked over forty (40) hours in a workweek.

24. The Company, however, did not compensate Plaintiff for her overtime hours at the rate of time-and-a-half his regular rate of pay.

25. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

26. In addition, the Company is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against the Company under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II

### OVERTIME VIOLATIONS AGAINST BRAVERMAN UNDER THE FAIR LABOR STANDARDS ACT

27. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 17 of her Complaint above as if fully set forth herein.

28. At all relevant times, Braverman has been an owner and operator of the Company.

29. During all relevant periods, Braverman operated the day-to-day activities of the Company, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

30. Braverman was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

31. During Plaintiff's employment with Defendants, she customarily worked over forty (40) hours in a workweek.

32. Defendants, however, never compensated Plaintiff for her overtime hours at the rate of time-and-a-half his regular rate of pay.

33. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

34. Braverman is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Braverman under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT III

### OVERTIME VIOLATIONS AGAINST CAMPBELLUNDER THE FAIR LABOR STANDARDS ACT

35. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 17 of her Complaint above as if fully set forth herein.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

36. During all relevant periods, Campbell operated the day-to-day activities of the Company, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

37. Campbell was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

38. During Plaintiff's employment with Defendants, she customarily worked over forty (40) hours in a workweek.

39. Defendants, however, never compensated Plaintiff for her overtime hours at the rate of time-and-a-half his regular rate of pay.

40. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

41. Campbell is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Campbell under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  March 21, 2017					Respectfully submitted,


							By: */s/ J. Freddy Perera*
							J. Freddy Perera, Esq.
							Florida Bar No. 93625
							freddy@pereralaw.com
							**PERERA LAW GROUP, P.A**.
							12555 Orange Drive
							Suite 268
							Davie, FL 33330
							Telephone: 786-485-5232

							*Counsel for Plaintiff*