UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:17-cv-60579-JAL (Goodman)
CONSENT CASE

TIFFANY GOLD,

    Plaintiff,

v.

STANLEY D. BRAVERMAN, M.D., P.A.,
STANLEY D. BRAVERMAN, individually,
and DEBBIE CAMPBELL, individually,

    Defendants.
_____/

**JOINT MOTION FOR FAIRNESS HEARING TO APPROVE SETTLEMENT
AND STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiff and Defendants, by and through their respective undersigned counsel, hereby jointly move for a fairness hearing to approve their settlement and stipulate to the dismissal of this action with prejudice, as follows:

1. Plaintiff alleges that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by failing to pay her alleged unpaid overtime compensation.

2. Defendants vigorously deny any wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever. The parties agree there are bona fide, good faith disputes as to both liability and damages regarding Plaintiff's claims. Such disputes include the number of hours worked by Plaintiff.

3. The parties, through negotiations between their respective counsel, have now reached a settlement.

4.      Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor).  In Lynn's Food Stores, the Eleventh Circuit observed that when an employee initiates a private cause of action, there is "some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute." Id. at 1354.  Therefore, the Eleventh Circuit reasoned, when a party is represented by counsel it is likely there is a reasonable compromise and the agreement should be approved:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

5.      The parties request that the Court review and approve their settlement and they stipulate to the dismissal of this action with prejudice.  The parties have agreed to the dismissal of this action with prejudice on the condition that the Court retain jurisdiction to enforce their settlement.  See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

6.      The parties respectfully request that the Court conduct a telephonic fairness hearing for purposes of reviewing and approving the terms of their settlement.

7.      All parties are represented by experienced counsel in this action, and the

parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims.

WHEREFORE, Plaintiff and Defendants jointly request that the Court (a) conduct a telephonic fairness hearing to review and approve the terms of their settlement; (b) enter an order approving the parties' settlement and dismissing this action with prejudice; and (c) reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

Dated:   May 10, 2017                           Respectfully submitted,

*s/ J. Freddy Perera*[1]                         *s/ Adam S. Chotiner*
J. Freddy Perera, Esq.                          Adam S. Chotiner, Esq.
Florida Bar No. 93625                           Florida Bar No. 0146315
Perera Law Group, P.A.                          Shapiro, Blasi, Wasserman & Hermann, P.A.
12555 Orange Dr., Suite 268                     7777 Glades Rd., Suite 400
Davie, FL  33330                                Boca Raton, FL  33434
Tel:   (786) 485-5232                           Tel:   (561) 477-7800
E-Mail: freddy@pereralaw.com                    Fax:   (561) 477-7722
Counsel for Plaintiff                           E-Mail: achotiner@sbwh.law
                                                Counsel for Defendants

---

[1] Plaintiff's counsel has agreed to Adam S. Chotiner being responsible for the filing of this joint motion and stipulation.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Adam S. Chotiner*
ADAM S. CHOTINER, ESQ.

## **SERVICE LIST**

*Tiffany Gold v. Stanley D. Braverman, M.D., P.A., et al.*
Case No. 0:17-cv-60579-JAL (Goodman)
United States District Court, Southern District of Florida

| | |
|---|---|
| J. Freddy Perera, Esq.<br>E-Mail: freddy@pereralaw.com<br>Perera Law Group, P.A.<br>12555 Orange Dr., Suite 268<br>Davie, FL  33330<br>Tel:   (786) 485-5232<br>Counsel for Plaintiff<br>*Via CM-ECF* | Adam S. Chotiner, Esq.<br>E-Mail: achotiner@sbwh.law<br>Shapiro, Blasi, Wasserman & Hermann, P.A.<br>7777 Glades Rd., Suite 400<br>Boca Raton, FL  33434<br>Tel:    (561) 477-7800<br>Fax:    (561) 477-7722<br>Counsel for Defendants<br>*Via CM/ECF* |